**Raymond D. PERRY, Relator,**

v.

**The Honorable Ralph SCOGGINS, Judge of the 41st District Court of El Paso County, Texas.**

**No. C–744.**

Supreme Court of Texas.

Oct. 21, 1981.

Robert E. Kennedy, Jess Whittenton, Jr., El Paso, for relator.

Robert Hedicke, El Paso, for respondent.

PER CURIAM.

Raymond D. Perry files this original mandamus action to set aside an order overruling his application for writ of habeas corpus for possession of his child. We agree that the father was entitled to the writ.

Perry and his former wife, now Sharon Waynick, were divorced in 1977 in Missouri, and the Missouri court granted custody of their daughter to the mother. After several later motions and hearings, the Missouri court on December 12, 1980 granted Perry primary custody of the child, with reasonable visitation to the mother. In June 1981, the mother obtained an order for visitation but at the conclusion of the visitation refused to return the child. Instead, she filed a motion to modify the parent-child relationship in the 41st District Court of El Paso County, Texas. Perry responded by filing an application for writ of habeas corpus for the child on July 21, but the El Paso court denied the application on July 28, 1981, and placed the child with the Department of Human Resources pending a later hearing to determine custody.

Under section 14.10(a) of the Texas Family Code,[1] a court shall return a child to the relator in a habeas corpus proceeding if the court finds that the relator is entitled to possession by virtue of a court order. Section 11.053 requires Texas courts to recognize out-of-state custody decrees unless the out-of-state court had no jurisdiction. At the habeas corpus hearing, Perry produced the December 12, 1980, Missouri decree which granted him custody of the child.

---

1. All references to statutes are to Vernon's Texas Family Code Annotated.

There is no question that the Missouri court had jurisdiction over the matter.

 Although the El Paso court found that there was "a serious immediate question concerning the welfare of the child," the court was not purporting to act under section 14.10(c), which allows the court to issue temporary orders if there is a question concerning the child's welfare. Rather, the court erroneously invoked § 14.10(b)(2), concerning relator's possession of the child during the preceding six months. Furthermore, the court based its finding of a serious immediate question on alleged facts that occurred long prior to December 12, 1980, which had already been litigated in the Missouri court; that court granted custody to the father. The Texas courts have no jurisdiction to relitigate the custody question in a habeas corpus proceeding.

The El Paso court also found that the child had not been in the relator's possession for more than six months. It is clear, however, that this finding was based on Perry's October 1980 petition for writ of habeas corpus in the El Paso court. The application for writ of habeas corpus involved here was filed July 21, 1981, at a time when the child had been in Texas for only a month.

The mother seeks to vest jurisdiction in the Texas court by filing her motion to modify in the same cause number of the October 1980 habeas corpus proceeding. The habeas corpus proceeding did not give the El Paso court jurisdiction over a custody determination of this child, because a habeas corpus proceeding is not a "suit affecting the parent-child relationship." *See Garza v. Schilling*, 576 S.W.2d 147 (Tex.Civ. App.—Corpus Christi 1978, no writ).

Perry is entitled to possession of the child, and the El Paso court's order denying the writ of habeas corpus conflicts with section 14.10 and the prior decision of this court in *Bonita Dean Marshall v. Hon. Floyd R. Wilson, Judge*, 616 S.W.2d 932 (1981). Because of this conflict, we grant leave to file the petition and, without hearing argument, hold that Perry is entitled to

a writ of mandamus directing the Judge of the 41st District Court to grant Perry's application for writ of habeas corpus. Tex. R.Civ.P. 483. The writ shall issue only if the Judge of the 41st District Court fails to act in accordance with this opinion.