Patricia Ann McCALEB, Relator,

v.

Hon. George H. HANSARD, Judge, 106th District Court of Gaines County, Texas, Respondent.

No. 08–85–00232–CV.

Court of Appeals of Texas, El Paso.

Sept. 18, 1985.

Rehearing Denied Oct. 16, 1985.

Bonnie C. Ericson, Seminole, for relator.

Jerry Paquin, Seminole, for respondent.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

Relator, the natural mother of two minors, seeks a writ of mandamus to compel the Honorable George H. Hansard, Judge of the 106th Judicial District Court of Gaines County, Texas, to issue a writ of habeas corpus directing the natural father to return to her the possession of the minors, Sandra Kay McCaleb and Robert Glen McCaleb. Her petition for writ of habeas corpus was filed on August 16, 1985, and a hearing was held on August 27, 1985. Judge Hansard denied her writ of habeas corpus. We conditionally grant the writ of mandamus.

This matter was pursued below pursuant to Tex.Fam.Code.Ann. sec. 14.10 (Vernon Pamphlet Supp.1985), which provides in pertinent part:

(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child *shall* compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

(b) Omitted.

(c) The court may issue any appropriate temporary order if there is a serious immediate question concerning the welfare of the child.

(d) While in this state for the sole purpose of compelling the return of the child through a habeas corpus proceeding, the relator is not amenable to civil process and is not subject to the jurisdiction of any civil court except the court in which the writ is pending and in that court only for the purpose of prosecuting the writ.

(emphasis added)

On August 27, 1985, at the hearing on the petition for writ of habeas corpus, the relator produced a copy of a valid final divorce decree which gave relator the managing conservatorship of the two children concerned here. At the conclusion of that hearing, the following colloquy (in part) took place between the court and counsel:

Counsel for Relator (mother) in Habeas Corpus:

Do I understand that you are not actually finding that serious and immediate . . .

The Court:

No. I am not finding that. I am saying that there may be that present, and I want to pursue that before I say . . .

Counsel for Respondent (Father):

[Y]ou are reserving your decision pending the outcome of the psychological analysis?

The Court:

Yes.

Counsel for Relator:

Well, is my writ denied?

The Court:

Well, of course, I am going to have to deny it for today. I don't know if I can continue it or not.

. . . . .

Counsel for Relator:

I am just asking for clarification. You first denied the writ and made no temporary orders.

. . . . .

The Court:

Well, let me clear that up because I don't want to take away any of your rights on that. Let me deny the writ as of today.

Almost two weeks later and after this Court had accepted jurisdiction and removed the matter from the jurisdiction of the trial court, the trial court entered an

order denying the writ, finding a serious immediate question concerning the welfare of both of the children, and giving their father temporary custody until a hearing set for September 18, 1985. *See: Ex parte Barnett,* 600 S.W.2d 252 (Tex.1980).

Although we appreciate the trial judge's concern, he was under a duty on August 27, 1985, to observe the mandatory statutory provision set forth in Tex.Fam.Code. Ann. sec. 14.10(a) and the case law interpreting it.

In language most direct, the Supreme Court in a per curiam opinion issued in *Schoenfeld v. Onion,* 647 S.W.2d 954 (Tex. 1983) stated in part:

> Our court has repeatedly said that under Section 14.10 a child custody habeas corpus proceeding may not be used to relitigate the custody order. The trial court may not deny the writ based on the best interests of the child. Upon proof of the prior order, absent dire emergency not raised here and which the court's order specifically declined to find, the grant of the writ of habeas corpus should be *automatic, immediate and ministerial, based upon proof of the bare legal right to possession. Perry v. Scoggins,* 626 S.W.2d 302 (Tex.1981); *Marshall v. Wilson,* 616 S.W.2d 932 (Tex.1981); *Forbes v. Wettman,* 598 S.W.2d 231 (Tex.1980); *Stroebel v. Thurman,* 565 S.W.2d 238 (Tex.1978); *Saucier v. Pena,* 559 S.W.2d 654 (Tex.1977); *Lamphere v. Chrisman,* 554 S.W.2d 935 (Tex.1977). (Emphasis added).

It appears that a valid Texas divorce decree appointed Patricia Ann McCaleb managing conservator of Sandra K. McCaleb and Robert Glen McCaleb; that on August 27, 1985, Patricia Ann McCaleb was entitled to possession of the children, and that the writ of habeas corpus should have issued.

■ The denial below of the writ of habeas corpus conflicts with Section 14.10 and the prior decisions herein cited. Because of this conflict, we hold that Relator herein is entitled to a writ of mandamus directing the judge of the trial court to grant Relator's writ of habeas corpus. The writ shall issue only if the district judge fails to act in accordance with this opinion.