**Wendy Jewel REVEY, Relator,**

v.

**The Honorable Bill PEEK, Judge, 202nd Judicial District Court, Bowie County, Texas, Respondent.**

No. 06–97–00071–CV.

Court of Appeals of Texas, Texarkana.

Argued Aug. 14, 1997.

Decided Aug. 22, 1997.

Rehearing Overruled Sept. 16, 1997.

921

Don Cooksey, Kaylin D. Kluge, Texarkana, for Relator.

Bill Peek, Texarkana, for Respondent.

Deborah J. Race, Ireland, Carroll, Kelley, Tyler, Errol N. Friedman, Friedman Law Offices, Texarkana, for Real Party in Interest.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Wendy Revey, relator, has filed a petition for writ of mandamus in which she asks this Court to order the trial judge to withdraw an order of habeas corpus that directs her to turn over her child, Rowdy Austin Revey, to his father, Jack Revey. She also asks this Court to order the trial judge to immediately transfer the case from the 102nd District Court to San Augustine County, Texas. We deny both requests.

Wendy Revey was divorced from her husband in Miller County, Arkansas, on April 14, 1994, and was given primary custodial responsibility of their infant son. She immediately moved to Cass County, Texas. Later, she moved to San Augustine County, Texas, without informing her former husband or the court of her new location. Although not fully developed in the testimony, it appears that visitation was not conducted in accordance with the custody order entered by the Arkansas court.

In 1996, in the Arkansas court, the husband began in earnest to attempt to enforce his visitation rights. Wendy Revey appeared at one hearing, but failed to appear at subsequent hearings, despite notice of each hearing made to her personally and to her attorney, who did appear. In its order following the final hearing, the Arkansas court found that "within a year of the date of divorce it appears from the evidence and the Court finds that Wendy Revey absented herself from the State of Arkansas for the express purpose of denying Jack Revey access to and visitation with the minor child, . . . ." In that order, signed May 6, 1997, the court ordered a change in custody, removing Wendy Revey as custodial parent and appointing Jack Revey as custodial parent of the child, and also ordered Wendy Revey to surrender possession immediately.

There is testimony indicating that Wendy Revey was located only after Jack Revey hired a private investigator to find her. He had been paying child support payments as ordered—to a post office box in Bloomburg, Texas. She had been accepting the checks, but refused to accept other mail at that address, and actually lived over a hundred miles away in San Augustine County, Texas.

On May 21, 1997, Jack Revey, now a resident of Bowie County, filed a motion to register and enforce the Arkansas order as a foreign judgment pursuant to TEX. CIV. PRAC. & REM.CODE ANN. §§ 35.001–.008 (Vernon 1997) and under that authority to give full faith and credit to the Arkansas order and enforce it as an order of the Texas district court. Service was perfected on Wendy Revey on June 3, 1997. On June 27, 1997, she filed a motion to transfer venue to San Augustine County on the basis that the child's principal residence had been there since June 1994.

On August 5, 1997, the district judge of the 202nd District Court entered an order to return the child in response to an application for writ of habeas corpus, acknowledging the order of the Arkansas court, and directing Wendy Revey to deliver the child to Jack Revey on August 6, 1997. On the following day, the judge denied the motion to transfer venue.

Wendy Revey filed her motion for leave to file her petition for writ of mandamus on August 6. We granted the motion on that day, stayed the habeas, and held oral arguments on August 14. We are now faced with the necessity of determining whether the court failed to abide by its ministerial duty to transfer the case and of determining whether the order of habeas corpus should be vacated.

Mandamus issues only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria,* 878 S.W.2d 131, 132 (Tex.1994) (orig.proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992) (orig.proceeding). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985) (orig.proceeding).

With respect to the resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for the trial court. *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex.1990) (orig.proceeding). The relator must establish that the trial court could reasonably have reached only one decision. *Walker*, 827 S.W.2d at 840. Review of a trial court's determination of legal principles controlling its ruling applies a much less deferential standard.

"A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex.1996) (orig.proceeding); *Walker*, 827 S.W.2d at 840. Consequently, the trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion. *Huie*, 922 S.W.2d at 927–28.

■ A trial court errs if it does not grant a father a writ of habeas corpus for custody of his child who has been awarded to him by a court in another state. *Perry v. Scoggins*, 626 S.W.2d 302 (Tex.1981) (orig.proceeding). This result is mandated by the legal requirement that a final judgment in a child custody matter rendered by a court of another state is entitled to full faith and credit in the courts of Texas. *Alston v. Rains*, 589 S.W.2d 481, 483 (Tex.Civ.App.-Texarkana 1979, orig. proceeding).

■ The question raised by Wendy Revey in this case is whether the 202nd District Court had the power to order the habeas in the face of her timely motion to transfer venue. We first review the court's refusal to transfer venue. When a proper and timely request is made, the trial court has no discretion to deny the transfer, and mandamus is the appropriate method to correct the error. *See Greene v. Barker*, 806 S.W.2d 274, 275 (Tex.App.-Fort Worth 1991, orig. proceeding [leave denied]).

■ The authority requiring transfer is TEX. FAM.CODE ANN. § 155.201 (Vernon 1996). Subsection (a) states that:

On a showing that a suit for dissolution of the marriage of the child's parents has been filed in another court, the court having continuing, exclusive jurisdiction of a suit affecting the parent-child relationship shall transfer the proceedings to the court in which the dissolution of the marriage is pending.

Subsection (a) does not apply in the present case, because it explicitly requires a suit for dissolution in another court, and it refers to transfer by the court having "continuing, exclusive jurisdiction of a suit affecting the parent-child relationship" to the recipient court. There is no other suit for dissolution; thus, this section does not apply. Further, by statutory definition, an action for habeas corpus is not a "suit affecting the parent-child relationship." TEX. FAM.CODE ANN. § 101.032(b) (Vernon 1996).[1] We reserve the question of whether the Bowie County District Court had "continuing exclusive jurisdiction" for later discussion.

■ TEX. FAM.CODE ANN. § 155.201(b) provides that:

If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

Although this section does not internally contain the additional language "affecting the parent-child relationship," when the predecessor to this recodification was reviewed by the supreme court it was consistently interpreted to apply only to suits affecting the parent-child relationship. *Leonard v. Paxson*, 654 S.W.2d 440, 441 (Tex.1983) (orig.proceeding). As previously noted, by legislative definition a habeas action is not a suit involving the parent-child relationship. The mandatory venue statute does not apply. The trial court therefore did not err by denying

---

1. TEX. FAM.CODE ANN. § 101.032(b) (Vernon 1996) provides in part:
   (b) The following are not suits affecting the parent-child relationship:

   (1) a habeas corpus proceeding under Chapter 157.

the motion to transfer the enforcement proceeding to San Augustine County.

■ Wendy Revey also contends that the trial court erred by granting the habeas motion when it did not have proper venue over the child. The first question is what statute controls jurisdiction and venue in this case. There are three statutes that are relevant to this decision.

As noted earlier, if venue was proper, the trial court had no option, except in very limited circumstances, but to immediately grant the writ and turn over the child pursuant to the Arkansas order. *Perry,* 626 S.W.2d 302; *Alston,* 589 S.W.2d 481. The question raised in this mandamus is whether the court had the authority to issue the order. There is no dispute that the child has never been found in Bowie County, and continuing, exclusive jurisdiction has not been independently established in the Bowie County district court. Thus, the question is whether it would be proper for the father to file his petition to enforce the foreign judgment in Bowie County on some other basis.

We first note that mandamus is the proper mode to attack a trial court's ruling on habeas in this context. *Saucier v. Pena,* 559 S.W.2d 654, 656 (Tex.1977) (orig.proceeding); *Nydegger v. Breig,* 740 S.W.2d 551, 552 (Tex. App.-San Antonio 1987, no writ). Further, the right to possession is one that is immediately and automatically enforceable "upon proof of the bare legal right to possession." *Schoenfeld v. Onion,* 647 S.W.2d 954, 955 (Tex.1983) (orig.proceeding); *Lundell v. Clawson,* 697 S.W.2d 836, 838 (Tex.App.-Austin 1985, orig. proceeding); *see Perry,* 626 S.W.2d 302.

The question raised here is not whether the habeas was properly issued. The question is whether the Bowie County court had the authority to entertain the habeas proceeding. There are two sources of that authority. One is the general statute authorizing the registration and enforcement of foreign judgments. In TEX. CIV. PRAC & REM.CODE ANN. § 35.003 (Vernon 1997), the Legislature has declared that:

(a) A copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state may be filed in the office of the clerk of any court of competent jurisdiction in this state.

(b) The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed.

Beyond the general statute lies a specific statutory enactment in the Uniform Child Custody Jurisdiction Act found in the Family Code that provides that:

(a) On payment of proper fees, a certified copy of a custody decree of another state may be filed in the office of the clerk of any district court or other appropriate court of this state. The clerk shall treat the decree in the same manner as a custody decree of a district court or other appropriate court of this state. A custody decree filed under this section has the same effect and shall be enforced in the same manner as a custody decree rendered by a court of this state.

TEX. FAM.CODE ANN. § 152.015(a) (Vernon 1996).

Section 152.015(a) of the Family Code and Section 35.003 of the Civil Practice and Remedies Code both state with clarity that a foreign judgment may be filed and registered in any court in the State of Texas and that it must be enforced as though it were a judgment of that court.

In addition to these two statutes, there is a specific habeas corpus statute containing a section labeled "Jurisdiction" that reads as follows:

(a) The relator may file a petition for a writ of habeas corpus in either the court of continuing, exclusive jurisdiction or in a court with jurisdiction to issue a writ of habeas corpus in the county in which the child is found.

(b) Although a habeas corpus proceeding is not a suit affecting the parent-child relationship, the court may refer to the provisions of this title for definitions and procedures as appropriate.

TEX. FAM.CODE ANN. § 157.371 (Vernon 1996).

In analyzing statutory language, if a general provision conflicts with a special provision, we are required to first construe the

provisions, if possible, so that effect is given to both. If the conflict is irreconcilable, then the special or local provision prevails, unless the general provision is the later enactment and the manifest intent is that the general provision prevail. TEX. GOV'T CODE ANN. § 311.026 (Vernon 1988).

The critical question in this case is which of these two statutes controls a decision about where a habeas action may be brought to enforce a foreign custody order. In this case, the habeas "Jurisdiction" statute and the Uniform Child Custody Jurisdiction statute answer that question differently. The first provides that a habeas petition may be filed in the county in which the child is found or in the court of continuing, exclusive jurisdiction, while the latter provides that a decree of a different state may be enforced "in the same manner as a custody decree rendered by a court of this state" without necessity of that court being specifically labeled as a "court of continuing, exclusive jurisdiction."

We conclude that these statutes are designed to apply to different fact situations. The Uniform Child Custody Jurisdiction Act is explicitly designed to provide a method of enforcing a custody order from another state in Texas courts. The specific habeas statute is not a part of that Act, and it does not explicitly apply to foreign judgments. In fact, its language suggests that it is designed to apply to habeas matters in cases that are already fully and properly before Texas courts-so that there is a court of continuing, exclusive jurisdiction within the state as that phrase is defined by the statutes. *See Gunter v. Glasgow*, 608 S.W.2d 273, 275 (Tex.Civ. App.-Eastland 1980, no writ); *Crockett v. Crockett*, 589 S.W.2d 759, 763 (Tex.Civ.App.-Dallas 1979, writ ref'd n.r.e.). If we applied that language to the present fact situation or required the petition to be filed in the county where the child is found, the purpose of the Uniform Child Custody Jurisdiction Act would be undercut, because a parent entitled to custody of a child would be required to undertake acts not necessary by the explicit terms of Section 152.015.

Accordingly, we find the statutes reconcilable, as applying to different fact situations. We hold that Section 152.015 controls when a party attempts to enforce a foreign judgment in a Texas court, seeking a habeas corpus for that purpose.

We emphasize that our disposition of this application for writ of mandamus is not controlling over any later determination of custody in Texas courts, nor is it determinative of the proper venue of such proceedings should that question be properly raised in a custody or other litigation context rather than in the context of a habeas corpus proceeding.

The stay of the habeas corpus order is hereby lifted, and the petition for writ of mandamus is denied.