In re Nadine B. STEVENS.

No. 09–98–307 CV.

Court of Appeals of Texas, Beaumont.

Submitted July 20, 1998.

Decided Aug. 6, 1998.

Rehearing Overruled Aug. 26, 1998.

Christine Brown, Orange, for appellant.

Wilda M. Pilotte, Vidor, real party in interest.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

This is a mandamus proceeding. Nadine Stevens asks us to compel the judge of the 260th District Court of Orange County to vacate his order denying her application for writ of habeas corpus and to enter an order issuing the writ. We decline.

Ms. Stevens is the daughter of Bordman C. Humphrey, a resident of Pearl River County, Mississippi. On November 13, 1997, Ms. Stevens obtained a judgment appointing her the conservatrix of Mr. Humphrey. In the judgment the chancellor found, among other things:

a. Mr. Humphrey was suffering from Dementia,

b. Mr. Humphrey was unable to manage his estate and affairs and was in need of a conservatrix to handle his personal affairs and look after his estate, and

c. Ms. Stevens was a suitable person to be appointed as conservatrix

The judgment, in pertinent part, stated:

IT IS, THEREFORE, ORDERED AND ADJUDGED, that Nadine B. Stevens, be, and she is hereby, named, designated and appointed as the Conservatrix of the person and estate of Bordman C. Humphrey, and that Letters of Conservatorship are directed to issue in her favor upon her posting of a nominal bond in the amount of $1,000.00, at this time. Upon

her taking the oath of office, the said Nadine B. Stevens is hereby granted the full authority to manage the affairs and person of the said Bordman C. Humphrey....

Sometime in late spring, Ms. Stevens brought Mr. Humphrey to visit some of his other children in Vidor, Texas. Apparently Mr. Humphrey expressed a desire not to return to Mississippi with Ms. Stevens and one daughter, Ms. Wilda Pilote, honored her father's desires. On May 21, 1998, Ms. Stevens filed her application for writ of habeas corpus along with a motion to register the judgment[1] appointing her the conservatrix. On May 29, 1998, the hearing was held on the application for writ of habeas corpus. The trial court listened to all the individuals involved and obviously recognized the validity of the Mississippi judgment. At the end of the hearing the judge stated:

... basically this is a hearing at which I am being asked to order that Mr. Humphrey be required to go back with Ms. Stevens because she has previously, back in '97, been appointed as a conservator of his person and estate.

In visiting with Mr. Humphrey, it appears to me Mr. Humphrey is aware of his surroundings, is aware of what's going on here today and what's involved, and is also aware of what he wants to do. I find it very difficult for me to order a man that I think is aware of his situation that he be ordered returned back like some child.

So, at this point in time it appears to me that Mr. Humphrey has made it clear he wants to go back to Mississippi. That's what he wants to do. It appears that the children here think that his best interest lies in keeping him here and away from Mississippi. Whereas Ms. Stevens believes his best interest is back in Mississippi. Mr. Humphrey wants to be in Mississippi, but he wants to be there under

different circumstances than exist right now in terms of some control over his own life-style. I can't solve this problem.

. . . .

So, I'm not going to order that he be returned back like a child to Ms. Stevens at this time....

So, its my judgment that you understand what you're doing. You've got a right to make your own decisions about your life, and that's where I'm at on the thing....

No written order was entered, but a docket entry, "Hearing held. m/w/h/c denied" was made. We assume this was a short-hand notation for motion for writ of habeas corpus denied. A motion for new trial was filed on June 25,1998, and a hearing was held on July 2, 1998. At the hearing several medical records were introduced and testimony was presented by Ms. Stevens and her son. The court, after again noting that Mr. Humphrey was, in the court's opinion, competent, denied the motion for new trial.

There is little precedent concerning possession of wards. However, section 767 of the Probate Code entitled "Powers and Duties of Guardians of the Person," states:

The guardian of the person is entitled to the charge and control of the person of the ward, and the duties of the guardian correspond with the rights of the guardian. A guardian of the person has:

(1) the right to have physical possession of the ward and to establish the ward's legal domicile;

(2) the duty of care, control, and protection of the ward;

(3) the duty to provide the ward with clothing, food, medical care, and shelter; and

(4) the power to consent to medical, psychiatric, and surgical treatment other than

---

1. Tex. Civ. Prac. & Rem.Code Ann. § 35.003 (Vernon 1997) provides:

§ 35.003. **Filing and Status of Foreign Judgments**

(a) A copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state.

(b) The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed.

(c) A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed.

the in-patient psychiatric commitment of the ward.

TEX. PROB.CODE ANN. § 767 (Vernon Supp. 1998). Furthermore, *Little v. Little*, 576 S.W.2d 493, 495 (Tex.Civ.App.—San Antonio 1979, no writ)(citing *In re Guardianship of Henson*, 551 S.W.2d 136 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.)), held the guardian of a mentally incompetent person has the same powers and duties as does the managing conservator of a minor.

■ Mandamus issues only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex.1994) (orig.proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig.proceeding). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or, in the absence of another adequate remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex.1985) (orig.proceeding).

■ With respect to the resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for the trial court. *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex.1990) (orig.proceeding). The relator must establish that the trial court could reasonably have reached only one decision. *Walker*, 827 S.W.2d at 840. Review of a trial court's determination of legal principles controlling its ruling applies a much less deferential standard. "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex.1996) (orig.proceeding) (quoting *Walker*, 827 S.W.2d at 840). Consequently, the trial court's erroneous legal conclusion, even in an unsettled area of law, is

an abuse of discretion. *Huie*, 922 S.W.2d at 927–28.

■ A trial court errs if it does not grant a father a writ of habeas corpus for custody of his child who has been awarded to him by a court in another state. *Perry v. Scoggins*, 626 S.W.2d 302 (Tex.1981)(orig.proceeding). This result is mandated by the legal requirement that a final judgment in a child custody matter rendered by a court of another state is entitled to full faith and credit in the courts of Texas. *Alston v. Rains*, 589 S.W.2d 481, 483 (Tex.Civ.App.—Texarkana 1979, orig. proceeding). *See Revey v. Peek*, 951 S.W.2d 920, 923 (Tex.App.—Texarkana 1997, no writ).

■ Thus it appears the trial court erred when it substituted its judgment for that of the Chancellor in Mississippi. However, *Williams v. Foster*, 229 S.W. 896 (Tex. Civ.App.—Amarillo 1921, no writ), held that a county judge had no authority to issue a writ commanding the sheriff of another county to take the minor into custody and deliver her to the sheriff of the county of the guardian's appointment, until the guardian had qualified by filing bond and taking an oath. In this case, the Mississippi judgment declared Ms. Stevens to be the conservatrix of Mr. Humphrey upon her taking the oath of office and upon her posting a $1,000 bond.

■ In *Hawthorne v. Guenther*, 917 S.W.2d 924, 931 (Tex.App.—Beaumont 1996, writ denied)(citing *Luxenberg v. Marshall*, 835 S.W.2d 136, 141–42 (Tex.App.—Dallas 1992, no writ)), this court stated: "A trial court cannot abuse its discretion if it reaches the right result, even for the wrong reasons." Notwithstanding the reasons stated by the trial court, we will uphold the order on any ground which is supported by the record. Particularly in the context of a mandamus proceeding, we focus on the result reached by the trial court rather than its reasons. *See Bruce Terminix Co. v. Carroll*, 953 S.W.2d 537, 540 (Tex.App.—Waco 1997, no writ) and cases cited therein.

There is nothing in the record to indicate that Ms. Stevens took the oath of office and

posted the bond, thus resulting in the Letters of Conservatorship being issued in her favor. Therefore, under the "right result for the wrong reason" rule, we are unable to say the trial court abused its discretion in denying the application for writ of habeas corpus.

WRIT DENIED.