**In the Interest of S.G.S. and E.E.S.**

**No. 2–00–327–CV.**

Court of Appeals of Texas,
Fort Worth.

Aug. 9, 2001.

Daniel Allan Skaar, Grapevine, for appellant.

Goodman & Clark and Toby R. Goodman, Arlington, for appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

## OPINION

LIVINGSTON, Justice.

In this suit, appellee Leslie Skaar Uriell (Leslie) filed a petition to modify orders regulating possession of the two minor children of her former marriage with appellant Daniel Allan Skaar (Daniel). The trial court ordered modifications as Leslie requested. In five issues, Daniel contends the trial court erred in: (1) denying his motion to transfer jurisdiction to Collin County; (2) adopting the statutory standard possession order; (3) modifying the orders for picking up and returning the children; (4) awarding Leslie attorney's fees in a manner thwarting his right to appeal; and (5) denying his motion for reimbursement of travel expenses. We reverse the trial court's venue and modification orders and remand with instructions to transfer the proceeding to Collin County.

### Factual and Procedural Background

On May 9, 1996, the judge of the 233rd District Court of Tarrant County, Texas signed a final decree declaring the divorce of Leslie and Daniel. The decree appointed each party joint managing conservator of the two children of the marriage but designated Leslie as the primary joint managing conservator. The decree also granted Daniel, an airline pilot, seven overnight periods of possession of the children each month.

On January 21, 1997, the district court modified the possession order by requiring Daniel, within 48 hours of receipt of his flight schedule, to give Leslie written notice of the seven overnight possession periods to be exercised the following month. The court also required four of Daniel's seven overnight possession periods to occur on weekends.

On August 16, 1998, Leslie remarried. In January 1999, Leslie moved with her children to a Plano residence near her new husband's place of employment, which was in Collin County.

On March 20, 2000, Leslie filed a petition seeking modification of the January 21, 1997 order. The petition alleged the existing possession order was unworkable and inappropriate and requested modification to the schedule of the standard possession order set forth in the Texas Family Code. The petition also sought an increase in child support and attorney's fees. The petition stated Leslie resided in Plano, Texas, and the children resided with her.

On March 23, 2000, Daniel presented a proposed order that would modify the final divorce decree by recognizing a June 26, 1997 agreement between the parties. Under the agreement, Leslie forfeited all interests in the benefits accrued by Daniel in the American Airlines employee "$uper $aver" plan, and Daniel agreed to dismiss his pending appeal to the Second Court of Appeals. The court's order recognized the parties' agreement and modified the final divorce decree by awarding 100% of the plan benefits to Daniel.

On May 2, 2000, Daniel filed an answer to Leslie's March 20, 2000 petition to modify the January 21, 1997 order. In his answer, Daniel requested that the possession schedule not be modified to the standard possession order of the Texas Family Code. Daniel asserted that the uncertainty

of his monthly schedules as an airline pilot made any set pattern of visitation unworkable and inappropriate. Daniel also affirmatively requested a modification to allow him to surrender the children to Leslie at Daniel's residence at the end of possession periods as well as a modification to restrict the children's domicile to Collin, Tarrant, and surrounding counties.

Simultaneously, Daniel filed a motion to transfer the court of continuing, exclusive jurisdiction to Collin County. Daniel's motion to transfer alleged the children had resided in Collin County for over six months and alleged a transfer was mandated by section 155.201 of the Texas Family Code. See Tex.Fam.Code Ann. § 155.201 (Vernon Supp.2001). Daniel attached an affidavit stating Leslie and the two children had continuously resided in Collin County for 15 months—since January 1999.

In a report dated May 23, 2000, the associate judge denied Daniel's motion to transfer the court of continuing, exclusive jurisdiction. The associate judge also granted an increase in child support and modified the possession orders.

On June 19, 2000, the district court signed an order denying as untimely Daniel's motion to transfer the court of continuing, exclusive jurisdiction. Also on June 19, 2000, the district court signed an agreed order modifying the amount of child support.

On August 8, 2000, the district court conducted a hearing on the remaining issues raised in Leslie's March 20, 2000 petition to modify. At the hearing, Daniel renewed his motion to transfer the proceedings to Collin County. The district court denied the renewed motion on the basis that the associate judge's report became the order of the district court when Daniel failed to appeal the report.

Following the hearing, the district court signed an order on August 28, 2000 that modified the schedule for Daniel's possession of the children to the standard possession order of the Texas Family Code. The court further ordered that Leslie surrender the children at the beginning of each possession period at Daniel's residence and that he surrender the children at the end of each possession period at her residence. The court further awarded Leslie attorney's fees subject to reductions conditioned on appeals not being taken.

On September 14, 2000, Daniel filed a notice of appeal. The notice appealed the June 19, 2000 order denying his motion to transfer. The notice further appealed the August 28, 2000 order modifying the orders for possession and surrendering of possession of the children, awarding Leslie graduated attorney's fees, and denying Daniel's request for travel expenses.

### Denial of Daniel's Motion to Transfer Jurisdiction

In his first point, Daniel contends the trial court erred in denying his motion to transfer jurisdiction from Tarrant County to Collin County. Leslie responds that (1) the motion to transfer was not timely filed; (2) no appeal was taken to the referring court; and (3) the appeal to this court was untimely.

Daniel's motion was based on the mandatory venue provisions of section 155.201(b) of the Texas Family Code applicable to suits affecting the parent-child relationship. It states:

> (b) If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

Tex.Fam.Code Ann. § 155.201(b). Section 155.204 sets out the procedure for transfer

of suits affecting the parent-child relationship and states in part:

[A] motion to transfer *by a petitioner or movant* is timely if it is made at the time the initial pleadings are filed. A motion to transfer *by another party* is timely if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before the commencement of the hearing, whichever is sooner. If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding *shall be* transferred promptly without a hearing to the proper court.

(b) On or before the first Monday after the 20th day after the date of notice of a motion to transfer is served, a party desiring to contest the motion *must* file a controverting affidavit denying that grounds for the transfer exist.

Tex.Fam.Code Ann. § 155.204(a), (b) (emphasis added).

Leslie argues that Daniel's motion to transfer was untimely because he did not move to transfer jurisdiction on March 23, 2000, when he filed a proposed agreed order to modify their divorce decree to award Daniel 100% of the "$uper $aver" account. Under section 155.204(a) a motion to transfer by a "movant" is timely if it is filed "at the time the initial pleadings are filed." Tex.Fam.Code Ann. § 155.204(a). Leslie contends that Daniel's filing of the proposed agreed order is the "initial pleading" under section 155.204(a). *Id.* Thus, she argues that Dan-

iel, as the petitioner or movant, was required to file his motion to transfer venue then.[1]

■ Section 155.204(a), however, applies only to suits affecting the parent-child relationship. *See Revey v. Peek,* 951 S.W.2d 920, 923 (Tex.App.—Texarkana 1997, no writ) (holding the mandatory transfer statute, section 155.201(b), applies only to suits affecting the parent-child relationship).[2] Unlike Leslie's March 20, 2000 petition that sought to modify the children's visitation schedules, Daniel's March 23, 2000 proposed order sought only to modify their property settlement. Therefore, his proposed order was not a "suit affecting the parent-child relationship," and he was not required to file his transfer motion when he filed the proposed order. *See Carson v. Korus,* 575 S.W.2d 326, 328 (Tex.Civ. App.—San Antonio 1978, no writ) (holding a suit to enforce the terms of a property settlement agreement is not a "suit affecting the parent-child relationship").

As a responding party to Leslie's suit affecting the parent-child relationship as opposed to the petitioner or movant, he was required to file his motion to transfer no later than the first Monday after the 20th day after service or notice of suit. Tex.Fam.Code Ann. § 155.204(a). Leslie does not contend he missed that deadline. Consequently, Daniel's motion to transfer jurisdiction was not untimely. The associate judge erred in concluding it was.

Leslie also argues that Daniel waived his venue complaint because he failed to appeal the associate judge's denial of his

---

1. Leslie does not contend that Daniel's motion is untimely because it was made by "another party" who is required to file such motion on or before the first Monday after the 20th day of service or notice of suit. Tex.Fam. Code Ann. § 155.204(a).

2. Section 101.032(a) of the Texas Family Code defines suits affecting the parent-child relationship as suits:

in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is requested.

Tex.Fam.Code Ann. § 101.032(a) (Vernon 1996).

motion to transfer to the referring court. A party may appeal an associate judge's report to the referring court by filing notice of appeal not later than the third day after the date the party receives notice of the report. TEX.FAM.CODE ANN. § 201.015(a) (Vernon Supp.2001). Daniel concedes that he did not appeal the May 23, 2000 associate judge's denial of his motion to transfer to the referring court, and the record reflects the district court signed an order on June 19, 2000 denying Daniel's motion to transfer consistent with the associate judge's report.

Section 201.016(a) of the Texas Family Code states, however, that "[f]ailure to appeal to the referring court, by waiver or otherwise, the approval by the referring court of an associate judge's report does not deprive a party of the right to appeal to or request other relief from a court of appeals or the supreme court." TEX.FAM.CODE ANN. § 201.016(a) (Vernon 1996). Therefore, Daniel's failure to appeal the associate judge's venue ruling to the referring court does not preclude his appeal to this court.

Finally, Leslie argues that this court lacks jurisdiction to review the referring court's June 19, 2000 order denying Daniel's motion to transfer because Daniel did not appeal to this court within 30 days of that order. See TEX.R.APP.P. 25.1, 26.1. However, section 155.204(e) of the Texas Family Code specifically provides that "[a]n order transferring or refusing to transfer the proceeding is not subject to interlocutory appeal." TEX.FAM.CODE ANN. § 155.204(e) (Vernon Supp.2001). Therefore, the trial court's June 19, 2000 order denying Daniel's motion to transfer was not an appealable interlocutory order. Thus, Daniel's September 14, 2000 notice of appeal was timely because it was filed within 30 days of the August 28, 2000 order disposing of the remaining issues on Leslie's petition to modify. We therefore have appellate jurisdiction to review the denial of Daniel's motion to transfer. See TEX.R.APP.P. 25.1, 26.1.

The record shows, and neither party disputes, that the parties' children had resided with Leslie in Collin County for more than six months at the time she filed her suit to modify. Additionally, Leslie did not file an affidavit controverting Daniel's motion as required by section 155.204(a). TEX.FAM.CODE ANN. § 155.204(a). Therefore, the trial court erred when it failed to grant Daniel's motion. We sustain Daniel's first issue.[3]

## Conclusion

Having sustained Daniel's first issue, we reverse the trial court's June 19, 2000 order denying transfer of venue and the August 28, 2000 modification orders, and we remand with instructions to transfer the proceeding to Collin County.

---

**3.** Because of our disposition of Daniel's first issue, we need not address Daniel's remaining issues. We note that neither party contests the June 19, 2000 agreed order modifying the prior child support order.