6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00035-CV
______________________________



IN RE:
CATHERINE MARIE WHATLEY




                                                                                                                                            
                 
Original Mandamus Proceeding





                                                                                                                                            
                                           


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross



MEMORANDUM OPINION

          Catherine Marie Whatley has filed a petition for writ of mandamus in which she asks
this Court to order the Honorable Robin D. Sage, presiding judge of the 307th Family
District Court of Gregg County, Texas,


 to grant her a writ of habeas corpus seeking
possession of her children, David Allen Whatley, II, and Christopher James Whatley. We
requested that any response from the respondent or real party in interest be "received by
this court no later than Monday, April 03, 2006." No response has been received from
either the respondent or the real party in interest. We conditionally grant the writ.
          Catherine Whatley was given custody of the children by an agreed final decree of
divorce. Following an inspection of her house by the Texas Department of Family and
Protective Services (the Department), Catherine Whatley agreed as part of a written Child
Safety Evaluation Plan to allow David Whatley, the father of the children, to assume
custody of the children. That agreement expired February 24, 2006. On March 9, 2006,
Catherine Whatley filed an application for a writ of habeas corpus in the trial court in an
attempt to secure the return of her children to her custody from the custody of David
Whatley. 
          At the hearing on the application for writ of habeas corpus, Diedre Phillips, an
investigation supervisor for the Department, testified that the condition of Catherine
Whatley's home posed a danger to the children's well-being. Several pictures, which were
taken January 13, 2006, during a visit by the Department to Catherine Whatley's home,
were introduced into evidence. These pictures reveal that there was trash throughout the
house, urine and human feces on the toilet seats, and the bathroom sink was filled with
trash. Phillips also testified there was dog feces on the floor and a considerable amount
of trash, including a refrigerator, on the front porch, both of which could pose a hazard to
the children. Phillips testified Catherine Whatley was informed the children would be
returned once the house was in a suitable condition. While no pictures of the inside of the
house taken since the visit on January 13th, were introduced, Phillips testified that, on
March 3, 2006, when she visited Catherine Whatley's home, the home was in similar
condition, although not the exact same condition. There were pictures of the exterior of
the house taken March 3, 2006, introduced into evidence which showed there was still a
considerable amount of trash, and the refrigerator, on the front porch. Phillips testified that
Catherine Whatley agreed to allow the children to remain with their father March 3, 2006. 
The record does not indicate the length of time Catherine Whatley agreed to allow the
children to remain with their father or any written extension of the original agreement. 
          Following the hearing, the trial court denied the application for writ of habeas corpus. 
Although the trial court orally found there was "a serious and immediate question regarding
the health and safety of the children," no written finding of the existence of a serious
immediate question concerning the welfare of the children was made and no temporary
custody order was granted awarding custody of the children to a person other than
Catherine Whatley . The trial court did issue a written order denying the application for writ
of habeas corpus, but no temporary custody order was entered and no written finding was
made that a serious and immediate question existed concerning the welfare of the children.
          Mandamus issues only when the mandamus record establishes (1) a clear abuse
of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and
adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994); Walker v.
Packer, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus is an extraordinary remedy that
will issue only to correct a clear abuse of discretion, or, in the absence of another statutory
remedy, when the trial court fails to observe a mandatory statutory provision conferring a
right or forbidding a particular action. Abor v. Black, 695 S.W.2d 564, 567 (Tex. 1985). 
The proper procedure to challenge a trial court's denial of an application for writ of habeas
corpus seeking possession of a child is through a petition for writ of mandamus. Lamphere
v. Chrisman, 554 S.W.2d 935, 938 (Tex. 1977); Revey v. Peek, 951 S.W.2d 920, 924 (Tex.
App.—Texarkana 1997, orig. proceeding).
          With respect to the resolution of factual issues or matters committed to the trial
court's discretion, the reviewing court may not substitute its judgment for that of the trial
court. Walker, 827 S.W.2d at 840. The relator must establish that the trial court could
reasonably have reached only one decision. Id. Our review is much less deferential with
respect to a trial court's determination of the legal principles controlling its ruling, because
a trial court has no discretion in determining what the law is or in applying the law to the
facts. Huie v. DeShazo, 922 S.W.2d 920, 927 (Tex. 1996); see Walker, 827 S.W.2d at
840. Thus, a clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion and may result in a writ of mandamus. Huie, 922 S.W.2d
at 927. The trial court's erroneous legal conclusion, even in an unsettled area of law, is an
abuse of discretion. Id. at 927–28.
          An application for writ of habeas corpus seeking custody pursuant to a prior court
order is governed by Section 157.372(a) of the Family Code, which provides as follows:
Subject to Chapter 152 and the Parental Kidnapping Prevention Act (28
U.S.C. Section 1738A), if the right to possession of a child is governed by a
court order, the court in a habeas corpus proceeding involving the right to
possession of the child shall compel return of the child to the relator only if
the court finds that the relator is entitled to possession under the order.

Tex. Fam. Code Ann. § 157.372(a) (Vernon 2002). The intent of habeas corpus is to
compel obedience to existing orders, not to relitigate the award of custody. Saucier v.
Pena, 559 S.W.2d 654, 656 (Tex. 1977); In re P.D.M., 117 S.W.3d 453, 460 (Tex.
App.—Fort Worth 2003, pet. denied). The issuance of the writ of habeas corpus is to be
"automatic, immediate, and ministerial, based upon proof of the bare legal right of
possession." Schoenfeld v. Onion, 647 S.W.2d 954, 955 (Tex. 1983). 
          We note one exception to the above rule would be if the trial court had entered a
valid temporary order under Section 157.374 of the Texas Family Code finding a serious
immediate question concerning the children's welfare. See Tex. Fam. Code Ann. § 157.374
(Vernon 2002); see Strobel v. Thurman, 565 S.W.2d 238, 239 (Tex. 1978) (concerning 
former Section 14.10(c) of the Texas Family Code). Section 157.374 provides: 
"Notwithstanding any other provision of this subchapter, the court may render an
appropriate temporary order if there is a serious immediate question concerning the
welfare of the child." Tex. Fam. Code Ann. § 157.374. The term "serious immediate
question" means imminent danger of physical or emotional harm that requires immediate
action to protect the child. McElreath v. Stewart, 545 S.W.2d 955, 958 (Tex. 1977); In re
Lau, 89 S.W.3d 757, 759 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding).
          Under the facts of this case, the trial court clearly abused its discretion by refusing
to grant the application for writ of habeas corpus. Regardless of whether the trial court
abused its discretion in finding there existed a serious and immediate question to the
children's welfare,


 the trial court failed to issue any temporary orders pursuant to Section
157.374. A temporary order is required by Section 157.374. See Tex. Fam. Code Ann. §
157.374; see also Rocha v. Schuble, 809 S.W.2d 681, 683 (Tex. App.—Houston [14th
Dist.] 1991, orig. proceeding); cf. McCaleb v. Hansard, 697 S.W.2d 73, 75 (Tex. App.—El
Paso 1985, orig. proceeding). Further, the finding that there is a serious and immediate
question concerning the welfare of the child must be made in a written temporary order;
an oral finding is not sufficient. Lau, 89 S.W.3d at 759; M.J.R. v. Vick, 753 S.W.2d 526,
528 (Tex. App.—Fort Worth 1988, orig. proceeding) (citing Whatley v. Bacon, 649 S.W.2d
297, 299 (Tex. 1983); McElreath, 545 S.W.2d at 958). Catherine Whatley has legal right
of possession of the children under the permanent custody order. The custody agreement
entered into by Catherine Whatley has expired. In the absence of a valid temporary order
awarding custody of the children to someone other than Catherine Whatley and a written
finding that a serious immediate question existed concerning the welfare of the children, 
 
 
 
 
 
 
the trial court was required to grant the application for writ of habeas corpus. The relief
sought is therefore conditionally granted. The writ will issue only if the trial court fails to
take appropriate action in accordance with this opinion. 
 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      April 5, 2006
Date Decided:         April 6, 2006