Raymond R. NYDEGGER, Appellant,

v.

Nona BREIG f/k/a Nona Nell Nydegger, Appellee.

No. 04–87–00513–CV.

Court of Appeals of Texas, San Antonio.

Oct. 30, 1987.

Eileen D. Flume, San Antonio, for appellant.

John Hemmi, San Antonio, for appellee.

---

**552**

Before BUTTS, REEVES and DIAL, JJ.

## OPINION

PER CURIAM.

This is an attempted appeal from an order denying a writ of habeas corpus for the possession of a child. Appellant and appellee were divorced in 1976. The custody and support provisions of the divorce decree were subsequently modified by an agreed order entered in 1984. Appellant brought an application for writ of habeas corpus under the authority of TEX.FAM. CODE ANN. § 14.10 (Vernon 1986) seeking custody of his son from appellee pursuant to the agreed order. The trial court denied his application, and appellant filed a cost bond in an attempt to appeal that order. We ordered appellant to show cause why his appeal should not be dismissed for want of jurisdiction. TEX.R. APP.P. 60(a)(2).

The order denying the writ of habeas corpus is not an appealable order. *Gray v. Rankin*, 594 S.W.2d 409, 409 (Tex.1980). The Family Code provides for appeals from those orders entered under Chapter 14 which are enumerated in Section 11.-19(b)(2). The granting or denying of a writ of habeas corpus is not one of those listed.

Appellant argues that the trial court converted the habeas corpus proceeding into a modification hearing since the effect of its order was to modify the agreed order previously entered. While it is true that custody is not to be relitigated in a habeas corpus proceeding, *Saucier v. Pena*, 559 S.W.2d 654, 656 (Tex.1977), that does not confer upon us jurisdiction to hear an appeal in such a case. Mandamus is the proper remedy to compel enforcement of the appellant's right to possession of the child. *Id.*

The appeal is dismissed for want of jurisdiction.