

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00026-CV

_____

IN RE:  KAREN NICOLE CRUMBLEY

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

# O P I N I O N

The 76th Judicial District Court of Titus County, Texas, appointed Karen Nicole Crumbley, mother of the child involved, and Crystal Jane Schane, the child's maternal aunt, as temporary joint managing conservators,[1] with Crumbley having the right to establish the child's primary residence within Titus County. Crumbley has filed a petition for writ of mandamus asking this Court to order the trial court to set aside its temporary orders and to dismiss with prejudice the petition for conservatorship filed by Schane.[2] In her plea to the jurisdiction, Crumbley argues that the trial court had no subject-matter jurisdiction because Schane lacked standing to file a suit affecting the parent-child relationship and that the trial court abused its discretion in appointing Schane as a joint managing conservator. *See* TEX. FAM. CODE ANN. § 102.003 (West Supp. 2012), § 102.004 (West 2008).

"We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding) (citations omitted). With respect to the resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for the trial court. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding) (per curiam). The relator must establish that the trial court could reasonably have reached only one decision. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

---

[1]The parties were appointed joint managing conservators, as opposed to one party being named managing conservator and the other possessory conservator.

[2]At the time of these proceedings, the father of the child was incarcerated.

2

## I.     Standing

A writ of mandamus can be used to raise a complaint that another party lacked standing in cases where a court has ordered a fit parent to divide possessory rights with a nonparent.  *See In re Wells*, 373 S.W.3d 174 (Tex. App.—Beaumont 2012, orig. proceeding); *see also In re Herring*, 221 S.W.3d 729, 730 (Tex. App.—San Antonio 2007, orig. proceeding) ("Because temporary orders in suits affecting the parent-child relationship are not appealable, a petition for a writ of mandamus is an appropriate means to challenge them."); *see also generally In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding) (per curiam) (holding mandamus relief appropriate to set aside temporary orders that divest fit parent's possession of children in violation of law).

Standing, which is implicit in the concept of subject-matter jurisdiction, is a threshold issue in a child custody proceeding.  *See In re SSJ–J*, 153 S.W.3d 132, 134 (Tex. App.—San Antonio 2004, no pet.); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993).  Whether a party has standing to pursue a cause of action is a question of law.  *See SSJ–J*, 153 S.W.3d at 134.  In our de novo review of the trial court's determination of standing, we must take as true all evidence favorable to the challenged party, indulge every reasonable inference, and resolve any doubts in the challenged party's favor.  *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Hobbs v. Van Stavern*, 249 S.W.3d 1, 3 (Tex. App.—Houston [1st Dist] 2006, pet. denied).

The Texas Supreme Court has emphasized that a court should not decide standing issues based on its views of the merits:

> In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry. When we consider a trial court's order on a plea to the jurisdiction, we construe the pleadings in the plaintiff's favor and look to the pleader's intent.

*County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002) (citations omitted) (footnote omitted). The court should confine itself to the evidence relevant to the jurisdictional issue. *In re Sullivan*, 157 S.W.3d 911, 915 (Tex. App.—Houston [14th Dist.] 2005, orig. proceeding).

Section 102.003(a)(9) of the Texas Family Code provides, in relevant part, that an original suit may be filed by a person "who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." TEX. FAM. CODE ANN. § 102.003(a)(9). The statute further states:

> (b) In computing the time necessary for standing under Subsections (a)(9), (11), and (12), the court may not require that the time be continuous and uninterrupted but shall consider the child's principal residence during the relevant time preceding the date of commencement of the suit.

TEX. FAM. CODE ANN. § 102.003(b).

In her petition for conservatorship, Schane alleged that she met Section 102.003(a)(9)'s requirements and that the appointment of Crumbley or the child's father as conservators would present "a serious and immediate question concerning the welfare of the child" and that such an appointment "would significantly impair the physical health of the child's emotional development." In her affidavit attached to the petition, Schane alleged that she had primary custody and control of the child "for extended periods of time," that the child has lived with her

4

since 2005, that Crumbley has a history of drug abuse and living with a known drug dealer and user, and that Crumbley has been threatening to take the child out of Schane's care.

Schane testified that she started caring for the child in February 2005, when the child was about six months old. The child lived with Schane and her husband, Ken, and they took care of all of the child's daily needs as if she were their own child. After Ken died in June 2011, Schane continued to care for the child. She testified that Crumbley only saw the child five or six times during 2005. According to Schane, from 2005, when she took possession of the child at the age of six months, through August 2011, when the child started school at the age of six years, Crumbley's visits to see the child were very infrequent, ranging from one-half dozen visits per year to just under two dozen visits per year. All totaled, over that six and one-half year period, from 2005 through August 2011, Crumbley had the child less than 100 days.

After the child started attending school, Crumbley's periods of possession became more frequent, and she started taking the child for several days at a time. However, Schane asserted that she still had possession of the child for about two-thirds of each month, including almost every weekend, and that during the two summers when the child was out of school for the months of June, July, and part of August, Schane claimed to have had continuous and exclusive possession of her. Schane testified that this pattern of possession began when the child started school and has continued until she filed her petition for conservatorship two and one-half years later.

The trial court held that Schane "had actual care, control and possession of the child . . . for at least six (6) months ending not more than 90 days preceding the filing of [the] [p]etition" and denied Crumbley's plea to the jurisdiction.

The statute does not require exclusive possession. The question is whether the court abused its discretion by determining that the petitioner had sufficient care, control, and possession of the child over a statutorily sufficient period (at least six months) to have standing to bring the suit. Based on the pleadings and evidence, we cannot conclude that the trial court could reasonably have reached only one conclusion; thus, we will not disturb the trial court's determination on this factual matter. *See In re M.P.B.*, 257 S.W.3d 804 (Tex. App.—Dallas 2008, no pet.) (child lived with grandmother for three months, then moved to nearby apartment with mother; afterward, child spent significant time with grandmother was held to establish standing).

The pleadings filed in this case and the evidence elicited at the hearing to determine standing do not show exclusive possession of the child by the petitioner. They do show, however, that the child spent an extraordinary amount of time with the petitioner and that the petitioner provided a significant amount of care for and exercised a high degree of control over the child.

We have reviewed the pleadings and the evidence introduced that is pertinent to the jurisdictional inquiry. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex. 2000). In so doing, we have confined ourselves to the evidence relevant to the jurisdictional issue.

6

*Sullivan*, 157 S.W.3d at 915. We cannot find that the trial court clearly abused its discretion and, therefore, overrule Crumbley's first point of error.

## II. Conservatorship

The trial court appointed Schane and Crumbley as temporary joint managing conservators with Crumbley having the right to establish the child's primary residence. In her second point of error, Crumbley contends that the trial court abused its discretion because there was "no finding that appointment of [Crumbley] as sole managing conservator would significantly impair the child's physical health or emotional development."

In the sensitive context of child-custody proceedings, courts have regularly granted mandamus relief. *See, e.g.*, *Powell v. Stover*, 165 S.W.3d 322, 323 (Tex. 2005) (orig. proceeding); *In re Forlenza*, 140 S.W.3d 373, 379 (Tex. 2004) (orig. proceeding); *In re Lau*, 89 S.W.3d 757, 759–60 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding). Lawsuits involving child-custody determinations touch on parents' constitutional interests and important issues affecting children's welfares. *See In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). Thus, "[j]ustice demands a speedy resolution of child custody . . . issues." *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (per curiam) (granting mandamus relief from trial court's failure to transfer custody dispute to mandatory venue).

There is a strong presumption that the best interest of a child is served if a natural parent is appointed as a managing conservator. *Lewelling v. Lewelling*, 796 S.W.2d 164 (Tex. 1990); *In re A.D.H.*, 979 S.W.2d 445, 447 (Tex. App.—Beaumont 1998, no pet.); *see also* TEX. FAM. CODE ANN. § 153.131(a) (West 2008); *Brook v. Brook*, 881 S.W.2d 297, 299 (Tex. 1994). A

7

parent shall be appointed as sole managing conservator, or the parents as joint managing conservators, unless the court finds the appointment would not be in the best interest of the child because it would significantly impair the child's physical health or emotional development.[3] TEX. FAM. CODE ANN. § 153.131(a). There must be evidence to support the logical inference that some specific, identifiable behavior or conduct of the parent will probably cause that harm. *In re M.W.*, 959 S.W.2d 661, 665 (Tex. App.—Tyler 1997, writ denied). A trial court's conclusion that the parental presumption has been rebutted must be supported by specific findings of fact identifying the factual basis for the finding, and the failure to make such findings constitutes error. *Critz v. Critz*, 297 S.W.3d 464, 470 (Tex. App.—Fort Worth 2009, no pet.); *Chavez v. Chavez*, 148 S.W.3d 449, 459–60 (Tex. App.—El Paso 2004, no pet.).

Schane argues that Section 153.131 must be read in conjunction with Section 153.373, which provides, "The presumption that a parent should be appointed or retained as managing conservator of the child is rebutted if the court finds that . . . the parent has voluntarily relinquished actual care, control, and possession of the child to a nonparent . . . for a period of one year or more, a portion of which was within 90 days preceding the date of intervention in or filing of the suit . . ." and such an appointment is in the best interests of the child. TEX. FAM. CODE ANN. § 153.373 (West 2008).[4]

---

[3]Under Section 153.131, a nonparent may not be appointed a joint managing conservator without overcoming the presumption as to both parents. TEX. FAM. CODE ANN. § 153.131. In this case, the father is not an issue because the parental presumption has been overcome regarding the father, who is currently incarcerated and has a significant drug history.

[4]The standing issue, previously discussed, required proof by the nonparent that she had actual care, control, and possession of the child for at least six months *ending not more than ninety days preceding the date of the filing* of

Here, the trial court appointed Schane and Crumbley as joint managing conservators and found that such appointment was in the best interest of the child. But there are no express findings that the appointment of Crumbley as sole managing conservator would significantly impair the child's physical health or emotional development or that she voluntarily relinquished care, control, and possession of the child to Schane for a year or more, a portion of which was within ninety days preceding the date of filing suit.

When no express findings of fact are requested or filed, it is implied that the trial court made all findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). But many of the provisions in this judgment negate and conflict with a "deemed" finding that the appointment of Crumbley would not be in the child's best interest and that such appointment would significantly impair the child's physical health or emotional development. For instance, the trial court named Crumbley a joint managing conservator with the exclusive right to designate the primary residence of the child in Titus County, the right to receive payments for support of the child, and the exclusive right to make decisions concerning the child's education. Schane was given possession of and access to the child in accordance with the "Standard Possession Order." Since the trial court appointed Crumbley as a joint managing conservator, found that such was in the child's best interest, and gave her the most important rights concerning the child, we cannot deem that the trial court concluded her appointment would

the petition. By contrast, to overcome the parental presumption, the nonparent must show care, control, and possession of the child for a period of one year or more, a portion of which was *within ninety days preceding the date of filing suit*. The trial court made a finding on the first issue, but not the second.

9

not be in the child's best interest or that the child's health or development would be significantly impaired.

Even so, the parental presumption may also be rebutted if the court finds that the parent has voluntarily relinquished actual care, control, and possession of the child to a nonparent for a period of one year or more, a portion of which was within ninety days preceding the date of filing suit. TEX. FAM. CODE ANN. § 153.373. The trial court made no finding on this issue. It is implied that the trial court made all findings necessary to support its judgment. *Lemons v. EMW Mfg. Co.* 747 S.W.2d 372, 373 (Tex. 1988) (per curiam). The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Worford*, 801 S.W.2d at 109.

Implied findings may be attacked for insufficiency of evidence. *Abrams v. Jones*, 35 S.W.2d 620, 627 (Tex. 2000). The evidence here, even looked at most favorably to support the judgment, is insufficient to show Crumbley's relinquishment of the care, control, and possession of the child for any one-year period, any part of which was within the last ninety days preceding the date of filing suit. *See* TEX. FAM. CODE ANN. § 153.373(1). In the ninety-day period preceding filing suit (October 15 through January 15) Crumbley had actual care, control, and possession of the child for twenty-seven days (thirty percent) and Schane had such care for sixty-three days (seventy percent). It cannot be concluded that the mother, having actual care, control, and possession of the child for thirty percent of the time, voluntarily relinquished the care, control, and possession of the child during that period. Therefore, the evidence is insufficient to overcome the parental presumption. We sustain Crumbley's second point of error.

10

We conditionally grant the petition for writ of mandamus. The 76th Judicial District Court of Titus County, Texas, is ordered to withdraw or vacate its February 6, 2013, order in the suit affecting parent-child relationship. The writ will issue only if the trial court fails, within twenty days of the date of this opinion, to take appropriate action in accordance with this opinion.

Jack Carter
Justice

Date Submitted:     June 11, 2013
Date Decided:       June 12, 2013

11