

NUMBER 13-14-00326-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE M.M.E. & L.M.E., MINOR CHILDREN

On appeal from the 36th District Court
of Bee County, Texas.

## MEMORANDUM OPINION

### Memorandum Opinion
### Before Chief Justice Valdez and Justices Garza and Longoria

This cause is pending before the Court on a motion to dismiss filed by W.D.E. ("Mother").[1] The underlying suit involves an application for writ of habeas corpus filed by Mother, which was granted by the trial court and is now being appealed by R.E. ("Father"). The writ directs Father to deliver possession of the couple's two minor sons, M.M.E. and L.M.E., to Mother at 1:00 p.m. on Friday, June 13, 2014.

---

[1] *See* TEX. FAM. CODE ANN. § 109.002(d) (West, Westlaw through 2013 3d C.S.) (authorizing use of fictitious names or initials to identify parties in family law cases).

By previous order, the Court granted Father's emergency motion to stay the trial court's writ pending final resolution of this cause on appeal or further order of the Court. Mother subsequently filed a motion to dismiss, contending that the Court lacked jurisdiction over the appeal because it seeks to challenge an order granting an application for writ of habeas corpus over minor children. The Court asked for a response from Father, but to date, he has not filed one. For the reasons set forth below, we conclude that we lack jurisdiction over this appeal. Accordingly, it is dismissed.

## I. APPLICABLE LAW

The relator may file a petition for a writ of habeas corpus in either the court of continuing, exclusive jurisdiction or in a court with jurisdiction to issue a writ of habeas corpus in the county in which the child is found. TEX. FAM. CODE ANN. § 157.371(a) (West, Westlaw through 2013 3d C.S.). Although a habeas corpus proceeding is not a suit affecting the parent-child relationship, the court may refer to the provisions of Title 5 of the Texas Family Code, "The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship" for definitions and procedures as appropriate. *Id.* § 157.371(b).

If the right to possession of a child is governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator only if the court finds that the relator is entitled to possession under the order. *Id.* § 157.372(a) (West, Westlaw through 2013 3d C.S.). If the court finds that the previous order was granted by a court that did not give the contestants reasonable notice of the proceeding and an opportunity to be heard, the court may not render an order in the habeas corpus proceeding compelling return of the child on the basis of that order. *Id.* § 157.372(b).

2

## II. Discussion

The Texas Family Code authorizes an appeal "by any party to a suit from a final order rendered under this title." *Id.* § 109.002(b) (West, Westlaw through 2013 3d C.S.). An order granting habeas corpus relief is not an appealable order. *See Nydegger v. Breig*, 740 S.W.2d 551, 552 (Tex. App.—San Antonio 1987, no writ) (per curiam) (noting that "granting or denying of a writ of habeas corpus is not one of those [orders] listed [that may be appealed]"). This is because habeas proceedings may not be used to litigate modification of custody orders. *See In re Lau*, 89 S.W.3d 757, 758 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also In re Williams*, No. 06-03-00038-CV, 2003 WL 1193044, at *1 (Tex. App.—Texarkana Mar. 14, 2003, no pet.) (mem. op.) (same). The intent of habeas corpus is to compel obedience to existing orders, not relitigate the award of custody. *See Saucier v. Pena*, 559 S.W.2d 654, 656 (Tex. 1977). The trial court may not use a habeas corpus proceeding to adjudicate the right of possession of a child between two parents or between two or more nonparents. *See* TEX. FAM. CODE ANN. § 157.376(b) (West, Westlaw through 2013 3d C.S.). The issuance of the writ of habeas corpus is to be "automatic, immediate, and ministerial, based upon proof of the bare legal right of possession." *Schoenfeld v. Onion*, 647 S.W.2d 954, 955 (Tex. 1983) (per curiam).

A trial court's ruling on an application for habeas corpus sought under Subchapter H of Chapter 157 of the Texas Family Code, however, may be challenged by mandamus. *See id.* at 956; *Lamphere v. Chrisman*, 554 S.W.2d 935, 938 (Tex. 1977); *Revey v. Peek*, 951 S.W.2d 920, 924 (Tex. App.—Texarkana 1997, orig. proceeding) ("We first note that mandamus is the proper mode to attack a trial court's ruling on habeas in this context."); *Nydegger*, 740 S.W.2d at 552 ("Mandamus is the proper remedy to compel enforcement

3

of the appellant's right to possession of the child."). In the sensitive context of child-custody proceedings, courts have regularly granted mandamus relief. *See In re Crumbley*, 404 S.W.3d 156, 161 (Tex. App.—Texarkana 2013, orig. proceeding). Lawsuits involving child-custody determinations touch on parents' constitutional interests and important issues affecting children's welfares. *Id.* Thus, justice demands a speedy resolution of child custody issues. *Id.*[2]

### III. CONCLUSION

In this case, the proper course is for the court of appeals to dismiss the appeal for lack of jurisdiction. *See Nydegger*, 740 S.W.2d at 552. Accordingly, the Court lifts the stay previously entered and DISMISSES the appeal for lack of jurisdiction.

NORA L. LONGORIA
Justice

Delivered and filed the
16th day of October, 2014.

---

[2] Thus, in a habeas corpus action to obtain immediate possession of a child, the party who proves the right to immediate possession under some prior order is entitled to possession unless the trial court makes a written finding in temporary orders that there is a "serious immediate question" concerning the child's welfare, notwithstanding the governing statute. *See In re G.R.W.*, 191 S.W.3d 896, 898 n.1 (Tex. App.—Texarkana 2006, orig. proceeding). In this case, the trial court stated that it found it necessary and proper to issue the writ of habeas corpus. The trial court did not make any specific findings that would defeat Mother's right of possession. *See* TEX. FAM. CODE ANN. § 157.374 (West, Westlaw through 2013 3d C.S.) ("[T]he court may render an appropriate temporary order if there is a serious immediate question concerning the welfare of the child.").