

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00684-CV

**IN THE INTEREST OF J.A.J.** and M.L.W., Children

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-PA-00640
Honorable Richard Garcia, Associate Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Karen Angelini, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 31, 2014

REVERSED AND REMANDED

Vanessa G. appeals the trial court's order appointing her parents sole managing conservators of her children, J.A.J. and M.L.W.[1] The final order was rendered after the trial court, over Vanessa's objection, determined the issue of permanent conservatorship at a status hearing. Vanessa challenges the lack of notice and lack of a proper motion, the appointment of nonparties as sole managing conservators, the lack of findings rebutting the parental presumption, and the sufficiency of the evidence supporting the trial court's best-interest finding. We agree that the parental presumption was not rebutted, and we reverse and remand for a new trial.

---

[1] To protect the identity of the minor children, we refer to the parents and children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2011); TEX. R. APP. P. 9.8.

**BACKGROUND**

In March 2014, the Department of Family and Protective Services (DFPS) filed a petition for protection of a child, for conservatorship, and for termination in a suit affecting the parent-child relationship. DFPS sought to terminate Vanessa's parental rights to her two children; it also sought to terminate the parental rights of Michael W., the father of M.L.W. DFPS further requested the appointment of a relative or other suitable person as permanent managing conservator of the children. Alternatively, DFPS asked to be appointed sole managing conservator.

In an affidavit attached to the petition, a Child Protective Services Specialist stated DFPS received a report alleging neglectful supervision of J.A.J. and M.L.W. by Vanessa and Michael. The affidavit detailed conflicting reports about whether Vanessa knew Michael used drugs while caring for the children and whether Vanessa and Michael had engaged in domestic violence in the presence of the children. The affidavit stated the children resided with Vanessa at the maternal grandparents' residence, and it reported Vanessa as saying that Michael did not live with them.

The trial court appointed attorneys ad litem for each parent and for the children. The maternal grandparents did not intervene in the case to seek custody. After a temporary orders hearing in April 2014, the trial court granted DFPS temporary managing conservatorship and ordered the children to be placed with the maternal grandparents. Vanessa was permitted to reside with them.

In May 2014, DFPS filed a status report recommending the suit continue and recommended a dismissal in February 2015. The trial court ordered settings for a status hearing on August 15, 2014; a permanency hearing on October 8, 2014; and a non-jury merits hearing on November 6, 2014. The trial court also modified the temporary orders to require Vanessa to pay child support of $100 a month "to the parents."

At the August 15, 2014 status hearing, Vanessa and the children appeared through their respective attorneys ad litem; the State also appeared through counsel. The children's attorney moved to proceed with a progress report, and Vanessa's attorney announced not ready. The trial court proceeded over Vanessa's objection. The children's attorney called one witness, DFPS caseworker Jill Murray, to testify. The following exchange occurred during Murray's direct examination:

> Q. The reason we're here for today is to ask the Court to name [the maternal grandparents] as the permanent managing conservators of the children?
>
> A. Yes.
>
> Q. The parents as possessory conservators?
>
> A. Yes.
>
> Q. And to dismiss the Department?
>
> A. Yes.

Murray further testified the parents were "extremely uncooperative" with DFPS, but gave no details other than that they failed to sign the service plans. She said Michael had been arrested for stealing the Jaws of Life from a fire department and Vanessa had posted a bail bond for his release. Murray testified the maternal grandparents were taking care of the children's needs; the children were stable in their placement; the grandparents did everything DFPS asked them to do; the grandparents were protective of the children; and J.A.J. received survivorship benefits from his deceased father. Murray also stated Vanessa did not pay any child support to the grandparents. On cross-examination, Murray testified she recommended limiting Vanessa's visitation rights because Vanessa failed to comply with her service plan.

At the conclusion of the hearing, the trial court appointed the maternal grandparents as permanent managing conservators and the parents as possessory conservators with visitation as

agreed to by the grandparents. The trial court further ordered an increase in the amount of child support Vanessa was to pay, ordered J.A.J.'s survivor benefits redirected to the maternal grandparents, and dismissed DFPS from the suit.

Following the August 15, 2014 hearing, Vanessa filed a motion for new trial and a hearing was set for September 3, 2014. No record of that hearing was filed with this court. On September 25, 2014, the trial court's oral orders were reduced to writing, signed, and filed. The trial court denied all other requested relief not expressly granted. Vanessa appealed.

## PARENTAL PRESUMPTION

Vanessa challenges the lack of the required finding that "appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child[ren]'s physical health or emotional development." *See* TEX. FAM. CODE ANN. § 153.131(a) (West 2014). The State concedes the required finding is not in the final order, but it recommends we "remand to the trial court for entry of an order that includes such a finding." Despite the requested relief, the State contends Vanessa waived this argument and an exception to the parental presumption applied in this case.

### *Waiver*

The State narrowly construes Vanessa's argument as challenging a defect in the judgment and argues that she waived the error by failing to object and by approving the court's order as to form. We must, however, construe a party's brief liberally to reach the merits of an appeal. TEX. R. APP. P. 38.9; *Ditta v. Conte*, 298 S.W.3d 187, 190 (Tex. 2009). Because we imply findings necessary to support a trial court's order appointing nonparents as sole managing conservators, *Mauldin v. Clements*, 428 S.W.3d 247, 264 (Tex. App.—Houston [1st Dist.] 2014, no pet.), construing Vanessa's argument as challenging the absence of an express finding would render her argument relatively pointless. Therefore, we construe Vanessa's issue as challenging the

sufficiency of the evidence to rebut the parental presumption. *See In re Crumbley*, 404 S.W.3d 156, 162 (Tex. App.—Texarkana 2013, no pet.) (similarly construing a challenge to the lack of a finding that the parental presumption had not been rebutted). Such issues are not waived by approving an order as to form. *See Sigma Sys. Corp. v. Elec. Data Sys. Corp.*, 467 S.W.2d 675, 677 (Tex. Civ. App.—Tyler 1971, no writ); *see also Regan v. Lee*, 879 S.W.2d 133, 136 (Tex. App.—Houston [14th Dist.] 1994, no writ) (explaining legal sufficiency may be raised for first time on appeal).

*Discussion*

The Family Code provides a presumption that appointment of a parent as managing conservator is in the child's best interest. TEX. FAM. CODE ANN. § 153.131(a). "Subject to the prohibition in Section 153.004, unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child." *Id.*

The State argues the presumption was subject to section 153.004 in this case because the Department's affidavit attached to the petition suggested a history or pattern of domestic violence. Section 153.004(b) provides, "The court may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by one parent directed against the other parent, a spouse, or a child . . . ." *Id.* § 153.004(b). Although the affidavit was not admitted into evidence during the hearing, the State argues the trial court could have taken judicial notice of the affidavit. We have repeatedly held that taking judicial notice of an affidavit filed in support of a petition would be improper. *See, e.g.*, *In re R.S.D.*, — S.W.3d —, 04-13-00665-CV, 2014 WL 4335354, at *2 n.4 (Tex. App.—San Antonio Sept. 3, 2014, no pet.); *In re J.E.H.*, 384 S.W.3d 864, 869-71 (Tex. App.—San Antonio 2012, no pet.).

Thus, we must determine whether the evidence rebutted section 153.131(a)'s parental presumption.

To rebut the parental presumption, a nonparent must "offer evidence of specific actions or omissions of the parent that demonstrate an award of custody to the parent would result in physical or emotional harm to the child." *Lewelling v. Lewelling*, 796 S.W.2d 164, 167 (Tex. 1990). Evidence that a nonparent would be a better custodian of the child is insufficient to rebut the parental presumption. *In re S.M.D.*, 329 S.W.3d 8, 16 (Tex. App.—San Antonio 2010, pet. dism'd).

Murray's testimony about Vanessa being "very uncooperative" with DFPS and failing to pay child support to the grandparents (although the order was for her to pay child support "to the parents") was not evidence of specific acts or omissions demonstrating that awarding her conservatorship would have resulted in physical or emotional harm to her children. Because the remainder of Murray's testimony showed only that the grandparents were good custodians of the children, we hold the evidence was insufficient to rebut the parental presumption. Thus, we reverse the order appointing the maternal grandparents as the children's managing conservators. *See id.* (concluding that evidence that nonparent would be better guardians insufficient to rebut the parental presumption). Because we can dispose of this appeal on this issue, we need not address Vanessa's remaining issues. *See* TEX. R. APP. P. 47.1 (requiring us to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").

## DISPOSITION

Although our conclusion would ordinarily require us to render judgment denying the request for nonparent conservatorship, *see id.* at 22, we may exercise our broad discretion to remand for a new trial in the interest of justice when there is a probability that a case has not been

fully developed for any reason. *In re J.E.H.*, 384 S.W.3d at 872. Because the concerns raised in the Department's affidavit were not fully heard, developed, or resolved, we reverse the trial court's judgment and, in the interest of justice, remand the case for a new trial.

Luz Elena D. Chapa, Justice